# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

---

### HARDIN v. AMERICAN GUAR. CO.

Ohio Appeals, 4th Dist., Athens Co.

Decided Oct. 15, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

1085.   SERVICE   OF   SUMMONS—681. Jurisdiction—465.   Error — Overruling motion to quash service, not judgment or final order as prescribed in 12247 and 12257 GC.   Court of Appeals is without jurisdiction to review such action in lower court.

Error to Common Pleas.
Petition dismissed.

A. B. Wells, Athens, for Hardin.

Woolley & Rowland, Athens, for Guar. Co.

### STATEMENT OF FACTS.

This action was instituted by the defendant in error in the Court of Common Pleas of this county.   Hardin, the defendant in the court below, is a resident of Hocking County, and service of summons was made upon him, in that county, under favor of 6308 GC.

Hardin filed a motion to quash said service of summons, which motion was overruled by the Court of Common Pleas, to which ruling Hardin was excepted, and, without further proceedings in the original action, filed his petition in error in this court to reverse the order.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MIDDLETON. J.

It is apparent, we think, that the overruling of the motion to quash was not a judgment nor a final order such as is prescribed in 12247 and 12257 GC.   It follows that this court is without jurisdiction to review the action in question of the lower court.   In Arbuckle v. American Belting Co., 91 OS. 415, it is held that a judgment of the Court of Appeals under such conditions must be vacated and the action remanded to the trial court for further proceedings.   In Canning Co. v. Weller, 9 Oh. Ap. 468, the facts involved in the Arbuckle case are stated and are very pertinent on the question of what constitutes a final order of judgment.   However, in the case of Thatcher v. Watson, et, 51 OS. 561, it is expressly held that a motion to dismiss an appeal is not a final order upon which error may be prosecuted.   This case was followed in Home Building & Realty Co. v. Clasberg et, 81 OS. 482, and in the case of Canning Co. v. Zappio, 80 OS. 458.   The Thatcher case is referred to as stating the general rule.

There is no material difference between overruling a motion to dismiss an appeal and overruling a motion to quash service of summons. In both instances the action is permitted to remain on the docket for further proceedings which may or may not result in a judgment against the complainant.

We are constrained, therefore, to hold that the petition in error must be dismissed.

(Mauck, J., concurs.   Sayre, PJ., not sitting.)